803 F.2d 719
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
LEO GILLIS, Plaintiff-Appellant
v.
THE AMERICAN BALER COMPANY; ECONOMY BALER COMPANY,
Defendants-Appellees.
 No. 85-1232.
 United States Court of Appeals, Sixth Circuit.
 Sept. 2, 1986.
 
 BEFORE: KEITH and MARTIN, Circuit Judges; and WEBER*, District Judge.
 PER CURIAM.
 
 
 1
 Plaintiff-Appellant, Leo Gillis, appeals a jury verdict for defendants, the American Baler Company; Economy Baler Company ("Baler") in this products liability diversity action. The main issue on appeal was whether the trial court abused its discretion in excluding certain evidence proferred for the impeachment of Baler's key expert witness, Dr. Ralph Barnett. We find no abuse of discretion, and accordingly affirm the jury verdict for Baler.
 
 
 2
 Plaintiff Gillis brought suit against Baler for serious and permanent personal injuries suffered to his right forearm, wrist, and hand, when they were crushed while plaintiff was operating a power driven Model 50 bailing press manufactured and sold by Baler to plaintiff's employer, S.S. Kresge. Plaintiff's theory of recovery was negligence and breach of implied warranty. Specifically, plaintiff claimed that defendant failed to eliminate unreasonable and foreseeable risks of harm by its failure to provide adequate safety devices and its failure to adequately warn.
 
 
 3
 The Model 50 is a designated vertical downstroke baler. The baler press is intended to compress corrugated paper and other material into bales. Waste material is fed into the chamber through the open top of the chamber, or through a hopper door. A plunger or platen then is activated and comes down in a downward mode until the compression force is obtained. A Model 50 exerts somewhere between 25,000 to 28,000 pounds of pressure. As the platen descends, a pinch point is created at the lip of the chamber. Plaintiff testified that the danger of putting one's hand in the machine was "obvious", but that he did it anyway, to tap in boxes, because the platen came down so slowly that "it wasn't anything to really worry about". Plaintiff's hand was injured while trying to tap in some boxes.
 
 
 4
 The key issue on appeal is whether the trial court abused it's discretion in excluding evidence to impeach the credibility of defendant's key expert witness, Dr. Ralph Barnett. The evidence was a speech Dr. Barnett gave in 1977 to a group of engineers on the methods in which an expert testifies in court. In a humorous vein, the speech discussed various "tricks" an expert can use. For instance, the speech explained that when the expert wishes to obfuscate an issue unfavorable to his client's position, he should speak in a scientific jargon, which the jury will not understand. Conversely, when there is a concept the expert witness wants the jury to understand completely, the expert witness should overly simplify matters, so that the jury can "believe" they are experts.
 
 
 5
 After examining a transcript of the speech, the trial court ruled that the speech "is more prejudicial than its impeachment value is or could totally be worth. This is a satire. It seems to me it's a skit that they are making statements and using statements to emphasize a point and I don't believe that any of it is relevant in this case . . . ." We agree with the trial court's assessment of the speech. Significantly, there is no contention that any of the "tricks" discussed in Dr. Barnett's 1977 speech, were employed at trial in the instant case. Moreover, Dr. Barnett was subject to vigorous cross-examination. District courts are permitted a broad range of discretion in deciding issues of admissibility under Federal Rule of Evidence 403. United States v. Johnson, 697 F.2d 735 (6th Cir. 1983); In Re: Beverly Hills Fire Litigation, 695 F.2d 207 (6th Cir. 1982). We find there was no abuse of discretion.
 
 
 6
 Plaintiff also contends the trial court impermissably told the jury that the depositional testimony of Mr. Waterman, an adverse witness called for cross-examination by plaintiff, was not to be considered. We find this argument meritless. Mr. Waterman's deposition was never entered into evidence, and therefore could not be physically received by the jury. However, Mr. Waterman testified at trial, and was also subject to cross-examination. At no point did the trial judge tell the jury to disregard any evidence presented by Mr. Waterman.
 
 
 7
 Accordingly, we affirm the decision below.
 
 
 
 *
 Honorable Herman J. Weber, United States District Court for the Southern District of Ohio, sitting by designation